```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     No. 4:08 CR 595 CAS
                                 )                     DDN
                                 )
WILLIE HATLEY,                   )
                                 )
          Defendant.             )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court upon the pretrial motions of the parties, which were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). A hearing was held on April 3, 2009.

Before the court is the motion of defendant Willie Hatley to dismiss the indictment or to suppress statements and identification evidence. (Doc. 19.) The historical facts upon which the motion depends are not in dispute. The indictment against defendant Hatley in this case was filed and an arrest warrant was issued on October 16, 2008. (Doc. 1.) Defendant was arrested in the Eastern District of Wisconsin on December 24, 2008, by local authorities on the federal arrest warrant, but without the involvement of federal authorities. On January 16, 2009, custody of defendant Hatley was transferred from the local police to the United States Marshals Service.

Also on January 16, 2009, defendant Hatley was brought before a United States Magistrate Judge in the Eastern District of Wisconsin for an initial appearance under Federal Rule of Criminal Procedure 5.[1] In those proceedings, defendant was advised of his rights, he was advised of the nature of the charges against him and of the penalties associated with those charges, he waived his rights to a detention hearing and an

---

[1] The record does not reflect how long defendant Hatley spent in the custody of the Marshals Service on January 16, 2009, before being presented to the Magistrate Judge. However, defendant does not argue this amount of time violated Rule 5, only the period of custody beginning December 24, 2008.

identity hearing, and the Magistrate Judge ordered that he be detained and removed to this district. (Doc. 6.)

The parties agree that at no time during his incarceration from December 24, 2008 to the time of the initial appearance on January 16, 2009 did defendant Hatley make any statement the government intends to use against him, and during this period of time neither state nor federal law enforcement seized any physical evidence from him.[2]

Defendant alleges he was in custody for 24 days before being brought before a United States Magistrate Judge, which violates his right to judicial presentment "without unnecessary delay" under Federal Rule of Criminal Procedure 5(a).[3] For this delay in being presented to the Magistrate Judge, he argues that he is entitled to the suppression of any evidence acquired by the government during the delay and that he is entitled to have this case dismissed with prejudice. The record is clear that the government acquired no evidence as a result of defendant being in custody before presentment. Therefore, the issue of evidence suppression as a remedy is moot and the court need only consider defendant's entitlement to dismissal as a remedy for any argued violation of Rule 5(a).

While the court can conclude that dismissal of the indictment is not a proper remedy for a violation of the prompt presentment obligation of the government under Rule 5(a), see United States v. Dyer, 325 F.3d 464, 470 n.2 (3rd Cir. 2003), it is better to consider first whether Rule 5(a) was violated in the first place. The undersigned believes that it was not violated.

---

[2]The record is clear that the government has no arguably suppressible evidence against this defendant.

[3]Rule 5(a) provides:

> A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise.

F.R.Crim.P. 5(a)(1)(A)(2007).

On April 6, 2009, the Supreme Court decided a case involving a defendant's entitlement to suppression of a confession given by him after an unreasonable delay in bringing him before a judge. See Corley v. United States, ___ U.S. ___, slip op. No. 07-10441 (April 6, 2009). While the focus of the opinion is on the nature of the appropriate remedy for the delayed presentment, the Court's language is instructive for determining whether the period of custody before judicial presentment is unreasonable delay under Rule 5(a).

Johnnie Corely was suspected of robbing a bank in Pennsylvania. During the investigation, federal agents learned he was subject to arrest on a local police matter. Corely was arrested by federal agents at 8:00 a.m. on September 17, 2003, after he assaulted a federal officer while trying to evade arrest by federal and local officials on the local matter. Corley was first kept in a local police station while federal agents interviewed residents near the place of arrest. At 11:45 a.m., Corley was taken to the hospital for a minor cut. By 3:30 p.m. he was taken to the FBI office and told he was a suspect in the bank robbery.

> Though the [FBI] office was in the same building as the chambers of the nearest magistrate judges, the agents did not bring Corley before a magistrate, but questioned him instead, in hopes of getting a confession.

Id., slip op. at 6. That evening and the next day, Corley made oral and written statements to the FBI. "He was finally presented to a magistrate at 1:30 p.m. [on September 18, 2003], 29.5 hours after his arrest. Id. at 7.

Defendant Corley moved to have his custodial statements suppressed on the grounds that the agents had failed to comply with F. R. Crim. P. 5(a), and the rulings in McNabb v. United States, 318 U.S. 332 (1943), and Mallory v. United States, 354 U.S. 449 (1957)(the *McNabb-Mallory* rule).[4] The district court denied the motion to suppress, reasoning

---

[4]In McNabb, the Supreme Court, in its exercise of supervisory authority over the federal courts, reversed the federal convictions of the McNabbs because their convictions depended on confessions obtained over several days following their arrests without their being brought before a United States Commissioner as required by federal statutes. In Mallory, the arrested person was interrogated for six hours before being brought before a federal Commissioner. During the six hours, defendant gave incriminating

that the time Corley received medical attention and the time he received a requested break from interrogation during the interview should not be included in the 6-hour period of time provided in 18 U.S.C. § 3501(c).[5]

The Third Circuit Court of Appeals affirmed Corley's conviction but for a reason different from the district court's ruling. The Court of Appeals applied its precedent and held that § 3501(c) entirely abrogated the McNabb-Mallory rule and replaced it with a pure voluntariness test.[6]

After its survey of the record and the law, the Supreme Court ruled:

---

statements. The Supreme Court held that the authorities had violated the prompt presentment requirement and reversed the conviction.

[5] 18 U.S.C. § 3501(c) provides:

> In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge or other officer empowered to commit persons charged with offenses against the laws of the United States or the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury ***and if such confession was made or given by such person within six hours immediately following his arrest or other detention: Provided, That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer.***

See 18 U.S.C. § 3501(c)(emphasis added).

[6]
> As the majority saw it, if a district court found a confession voluntary after considering the points listed in §3501(b), it would be admissible, regardless of whether delay in presentment was unnecessary or unreasonable.

Corely, slip op. at 8.

>     We hold that §3501 modified *McNabb-Mallory* without
> supplanting it.  Under the rule as revised by §3501(c), a
> district court with a suppression claim must find whether the
> defendant confessed within six hours of arrest (unless a
> longer delay was "reasonable considering the means of
> transportation and the distance to be traveled to the nearest
> available [magistrate"]).  If the confession came within that
> period, it is admissible, subject to the other Rules of
> Evidence, so long as it was "made voluntarily and . . . the
> confession occurred before presentment and beyond six hours,
> however, the count must decide whether delaying that long was
> unreasonable or unnecessary under the *McNabb-Mallory* cases,
> and if it was, the confession is to be suppressed.

Corley, slip op. at 18.

As stated previously, the issue before this court in defendant Hatley's case is whether or not he was subjected to any period of delay under Rule 5(a).  The undersigned concludes that he was not subjected to unnecessary delay in his being brought before the Magistrate Judge in Wisconsin.  Courts that have interpreted Rule 5(a) conclude that, unless there is some collusion between local authorities and federal authorities in the arrest of an individual on a federal criminal charge, the rights embodied in Rule 5(a) attach only after the defendant is brought into federal custody.  See United States v. Fisher, 33 Fed. Appx. 933, 941 n.1 (10th Cir. 2002); United States v. Carter, 910 F.2d 1524, 1528 (7th Cir. 1990); United States v. Watson, 591 F.2d 1058, 1062 (5th Cir. 1979); United States v. Davis, 459 F.2d 167, 170 (6th Cir. 1972); United States v. Bethea, 2007 WL 3025039 at *1 (D.Vt. 2007); United States v. Rivas-Lopez, 988 F.Supp. 1424, 1428 (D. Utah 1997).

Defendant Hatley invokes the outcome in United States v. Osunde, 638 F.Supp. 171 (N.D. Calif. 1986), in support of his cause.  Defendant Osunde was arrested by federal Customs officers on December 4, 1985, for illegally entering the United States.  He was placed in the custody of the Immigration and Naturalization Service (INS).  A criminal complaint was filed against him on March 21, 1986, and later that day he was presented before a federal Magistrate Judge for an initial appearance, after 106 days since his arrest by the federal customs officer.  On April 2, 1986, he was indicted by a federal grand jury.

Osunde moved for dismissal of the indictment on the grounds that his pre-charging incarceration violated his rights under the Speedy

Trial Act,[7] Fed. R. Crim. P. 5(a), and certain provisions of the federal immigration statutes. The district judge concluded that Osunde's rights under the Speedy Trial Act and Rule 5(a) were violated. Osunde, 638 F. Supp. at 175, 176. The court then determined that the proper remedy for each violation was dismissal of the indictment with prejudice. Id. at 176-77. The undersigned declines to follow the court's ruling in Osunde because defendant Hatley was not subjected to a period of unnecessary delay following his being taken into federal custody. Furthermore, the authority cited by the court in Osunde for the availability of the remedy of dismissal was dictum language in United States v. Jernigan, 582 F.2d 1211, 1214 (9th Cir. 1978)(for spending 3 days in jail, without other prejudice, dismissal would be too drastic a remedy). Further, the court's ruling in Osunde drew the comment from the 9th Circuit Court of Appeals that it was based on a "paucity of case law in this Circuit supporting dismissal." United States v. Mejia, 39 Fed. Appx. 568, 569-70 (9th Cir. 2002).

Defendant Hatley was not placed in federal custody until January 16, 2009, the same day he was presented to the Magistrate Judge. His 24-day, non-federal incarceration before being presented to the Magistrate Judge did not violate Federal Rule of Criminal Procedure 5(a).

For these reasons,

**IT IS RECOMMENDED** that the motion of defendant Willie Hatley either to suppress evidence or for dismissal of this action with prejudice (Doc. 19) be denied.

The parties are advised they have ten days to file documentary objections to this Report and Recommendation. The failure to file timely documentary objections may waive the right to appeal issues of fact.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 13, 2009.

---

[7]Especially 18 U.S.C. §§ 3161-3162.